IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60496
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

RICKY JIE WEN SU, also known as
Jie Wen Su; RAFAEL CIGARNVISTA LEE,
also known as Rafael Cigarrvista-Lee,
also known as Rafael Cingar Lee;
WING HOI TAM,

                                        Defendants-Appellants.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:95-CR-4
- - - - - - - - - -
May 16, 1997
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

     Ricky Jie Wen Su and Rafael Cigarnvista Lee appeal their

jury-convictions for conspiracy to defraud the United States by

passing counterfeit obligations and possession of counterfeit

obligations in violation of 18 U.S.C. §§ 2, 371, and 472.  Lee

argues that the district court erred in denying his motion to

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

suppress his postarrest statements because he could not understand his <u>Miranda</u>** rights which were given in English, and because of the delay in his arraignment before a magistrate judge in violation of 18 U.S.C. § 3501(c).  The district court did not clearly err in finding Lee could understand English and his <u>Miranda</u> rights and did not err in holding there was no violation of § 3501(c).  <u>See</u> <u>United States v. Rojas-Martinez</u>, 968 F.2d 415, 418 (5th Cir.), <u>cert. denied</u>, 506 U.S. 1039 (1992) and 506 U.S. 1059 (1993).

Su and Lee argue that the district court abused its discretion in denying their motions to sever the criminal trials. The district court did not err in denying the motion.  <u>See</u> <u>United States v. Faulkner</u>, 17 F.3d 745, 759 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 193 (1994).

Su and Lee also argue that their Sixth Amendment right to confront adverse witnesses was violated because the district court allowed the Government to present codefendants' statements although the codefendants did not testify.  Because the district court gave a cautionary instruction, the district court did not err.  <u>See</u> <u>United States v. Restrepo</u>, 994 F.2d 173, 186 (5th Cir. 1993).

Su contends that the district court abused its discretion in denying his motion for a mistrial based on the prosecutor's alleged reference to his request for an attorney in violation of

---

** <u>Miranda v. Arizona</u>, 384 U.S. 436 (1962).

<u>Doyle v. Ohio</u>, 426 U.S. 610, 617-18 (1976). However, there was no violation of <u>Doyle</u>. <u>Id.</u>

Su and Lee argue that the Government did not present sufficient evidence to support their convictions for conspiracy to defraud the United States by passing counterfeit obligations and possession of counterfeit obligations. The evidence was sufficient. <u>See</u> <u>United States v. Alix</u>, 86 F.3d 429, 435 (5th Cir. 1996).

Su argues that the district court erred in assessing the costs of an interpreter against him because he did not need an interpreter. The district court did not abuse its discretion. <u>See</u> 28 U.S.C. §§ 1918(b), 1920(6).

Lee argues that the district court erred in refusing to apply his property and proceeds that were forfeited to his share of the prosecution costs. The district court did not err. <u>See</u> <u>United States v. Monsanto</u>, 491 U.S. 600, 613 (1989)(citing 21 U.S.C. § 853(c)).

AFFIRMED.